IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE TUMMILLO<br>10 White Horse Lane<br>Spring City, PA 19475<br>    *Plaintiff*<br>vs.<br><br>THE OHIO CASUALTY INSURANCE<br>COMPANY<br>9450 Seward Road<br>Fairfield, OH 45014<br>  and<br>PEERLESS INDEMNITY INSURANCE<br>COMPANY<br>9450 Seward Road<br>Fairfield, OH 45014<br>  and<br>SAFECO INSURANCE COMPANY<br>9450 Seward Road<br>Fairfield, OH 45014<br>    *Defendants* | :<br>:<br>:<br>:<br>:<br>C.A. No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

### PARTIES AND JURISDICTIONAL STATEMENT

1. Plaintiff, Diane Tummillo, is an adult individual presently residing at 10 White Horse Lane, Spring City, Pennsylvania.

2. Defendant, The Ohio Casualty Insurance Company (hereinafter "Ohio"), is, upon information and belief, a subsidiary of Liberty Mutual Insurance Company and an insurance company and/or corporation incorporated in and with corporate headquarters in the State of Ohio and licensed to conduct business as an insurance company pursuant to the laws of the Commonwealth of Pennsylvania, with principal offices located at 9450 Seward Road, Fairfield, Ohio.

3.      Defendant, Peerless Indemnity Insurance Company (hereinafter "Peerless"), is, upon information and belief, a subsidiary of The Ohio Casualty Insurance Company and an insurance company and/or corporation incorporated in and with corporate headquarters in the State of Ohio and licensed to conduct business as an insurance company pursuant to the laws of the Commonwealth of Pennsylvania, with principal offices located at 9450 Seward Road, Fairfield, Ohio.

4.      Defendant, Safeco Insurance Company (hereinafter "Safeco"), is, upon information and belief, a subsidiary of The Ohio Casualty Insurance Company and an insurance company and/or corporation incorporated in and with corporate headquarters in the State of Ohio and licensed to conduct business as an insurance company pursuant to the laws of the Commonwealth of Pennsylvania, with principal offices located at 9450 Seward Road, Fairfield, Ohio.

5.      The incident giving rise to the Plaintiff's claims occurred in this judicial district in the Commonwealth of Pennsylvania.

6.      Jurisdiction and venue of this Court is founded upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1391 as Plaintiff resides in a different state than the state of incorporation and domicile of Defendants.

7.      The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**PLAINTIFF'S CLAIMS FOR RELIEF**
**COUNT I: BREACH OF CONTRACT (UIM)**

8.      Plaintiff incorporates herein by reference Paragraphs 1 through 7, above, as if fully stated at length herein.

9. At all times relevant herein, Ohio, Peerless and Safeco regularly conducted business in Chester County, Pennsylvania by, *inter alia*, issuing, maintaining and servicing insurance policies and/or contracts within the County, including the auto insurance contract at issue in the within civil action lawsuit, issued to Plaintiff, Diane Tummillo.

10. On or about October 21, 2011, and for sometime prior thereto, Ohio, Peerless and/or Safeco was party to a contract for motor vehicle insurance, pursuant to which the Plaintiff had purchased insurance coverage, including but not limited to underinsured motorist (UIM) benefits in the total sum of Two Hundred Fifty Thousand Dollars ($250,000.00), as defined by the terms of said insurance contract and/or by provisions of Pennsylvania law, including the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et seq., as amended (hereinafter referred to as "the Act"). A true and correct copy of said insurance policy, including the "declaration of coverage" is attached hereto as Exhibit "A".

11. On or about October 21, 2011, Plaintiff was injured when she was struck by an underinsured taxi cab as she was walking across Market Street between 12th and 13th Streets Philadelphia, Pennsylvania.

12. The underinsured motorist and/or vehicle which struck Plaintiff carried auto insurance with a limit of bodily injury coverage in the sum of Fifteen Thousand Dollars ($15,000.00).

13. The aforesaid motor vehicle collision was caused solely by the negligence of an underinsured motorist and/or underinsured motor vehicle as defined by the auto insurance policy referenced herein-above and/or by Pennsylvania law, which negligence consisted of, *inter alia*: Failing to have said vehicle under proper and adequate control immediately prior to and at the time of the underlying accident; Failing to give proper and sufficient warning to pedestrians

legally walking on the roadways; Failing to use a braking apparatus properly; Failing to remain attentive, to keep a proper lookout, and to make proper observations; Failing to remain continually alert while operating said vehicle; Striking the Plaintiff with a motor vehicle while Plaintiff was a pedestrian lawfully crossing Market Street in Philadelphia, Pennsylvania; Failing to operate said vehicle in compliance with the applicable laws, local ordinances, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles

14. As a result of the aforesaid negligence of the underinsured motorist, Plaintiff, Diane Tummillo, suffered severe and permanent injuries, emotional upset, mental distress and other personal injury, the full extent of which is not yet known and which is believed to be permanent in nature.

15. As a result of the aforesaid negligence, Plaintiff has been disabled and will in the future be disabled from performing her duties, occupations, and avocations with the consequent loss of earnings, earning power, and earning potential, all to her great detriment and loss.

16. As a result of the aforesaid negligence, Plaintiff has suffered in the past and will continue to suffer in the future excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement, and limitation and restriction of her usual activities, pursuits, and pleasures.

17. As a result of the aforesaid negligence, Plaintiff has been required in the past and will continue to be required in the future to expend large amounts of money for medicine and medical attention, care and treatment in order to effect the cure of the aforesaid injuries.

18. As a direct and reasonable result of the incident aforesaid, the Plaintiff has or may hereafter incur other financial expenses or losses for which Plaintiff may be entitled to recover.

19.     Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount exceeding the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et. seq., as amended, which she makes claim for in the present action.

20.     By letters dated June 27, 2013, July 29, 2013, October 1, 2013, February 28, 2014, and April 7, 2014, Plaintiff's counsel forwarded to Defendant, Safeco (whose adjuster was handling this claim on behalf of all Defendants named above), comprehensive information and evidence, medical records and documents in support of Plaintiff's claim for underinsured motorist benefits; however, to date, Defendants have refused to tender a fair settlement offer to compensate Plaintiff for her injuries and associated losses suffered as a result of the motor vehicle vs. pedestrian collision described herein above.  (True and correct copies of the above-mentioned letters are attached hereto as Exhibit "B".)

21.     Plaintiff has fully complied with all terms and conditions of the insurance contract and all reasonable requests of Defendants; however, Defendants have failed to objectively and fairly evaluate Plaintiff's claims.

22.     Defendants owe a fiduciary, contractual and statutory obligation to the Plaintiff to investigate, evaluate and fairly negotiate the underinsured motorist claim in good faith and to promptly offer to Plaintiff a settlement which is fair, equitable and based upon the evidence.

23.     Defendants have violated the aforesaid obligations owed to the Plaintiff and, as a result, Plaintiff has suffered great prejudice and hardship, including the inability to resolve her underinsured motorist claim arising from the subject accident.

24.     Plaintiff is entitled to payment of underinsured motorist benefits pursuant to the terms of the above-referenced auto insurance policy and/or under Pennsylvania law.

**WHEREFORE**, Plaintiff, Diane Tummillo demands judgment in her favor against the Defendants and avers that the sum in controversy is in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs of this action and demands a jury trial.

**Respectfully Submitted,**
**LISS & MARION, P.C.**

By: _____
**RICKY L. LISS, Esquire**
Attorney I.D. No. 35007
**GEORGE S. MARION, Esquire**
Attorney I.D. No. 60104
**RICHARD STUTMAN, Esquire**
Attorney I.D. No. 53758
1845 Walnut Street, 15TH Floor
Philadelphia, PA 19103
(215) 665-1500
**Attorneys for Plaintiff**